**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ISBETTY PEREZ PLACERES,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1287-KC** |
| | § | |
| **TODD BLANCHE, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

On this day, the Court considered Isbetty Perez Placeres' Petition for a Writ of Habeas Corpus, ECF No. 1. Perez Placeres is detained at the El Paso Service Processing Center in El Paso, Texas. *Id.* ¶ 1. She argues that her detention is unlawful and asks the Court to order her release or a bond hearing. *Id.* ¶¶ 48–112; *id.* at 34.

Perez Placeres entered the country on February 18, 2021, and was apprehended by immigration officials, detained, and served with a Notice to Appear. *Id.* ¶ 21. On February 25, 2021, she was released on her own recognizance and subsequently applied for asylum. *Id.* ¶¶ 22–23. On August 1, 2023, Perez Placeres' removal proceedings were dismissed. *Id.* ¶ 24. On April 3, 2026, Perez Placeres was arrested for violating a sexual oriented business ordinance because she did not have physical possession of her sexually oriented business permit. *Id.* ¶ 25. She was then transferred to immigration custody, after which removal proceedings were re-initiated against her. *Id.* ¶¶ 25–26. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, Perez Placeres' case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025)." Show Cause Order 1–2. The Court thus asked

Respondents to engage with its prior decisions and "explain whether the facts of Perez Placeres' case warrant a different outcome." *Id.* at 2.

Respondents argue that Perez Placeres' case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 1, ECF No. 3.

Perez Placeres argues that her detention without an opportunity for a meaningful individualized custody determination is unlawful on statutory grounds as well as constitutional due process grounds.  Pet. ¶¶ 48–112.  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Perez Placeres's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Perez Placeres' statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'"  *Id.* at *2 (citations omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez."  *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them.  *Compare* Resp. 1–29, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10,

2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at \*1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at \*1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at \*10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88.  Because Respondents have not identified any material differences between Perez Placeres' case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Perez Placeres' procedural due process claim, it follows that the same result is warranted here.  *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Perez Placeres' Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, **on or before May 22, 2026**, Respondents shall either: (1) provide Perez Placeres with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Perez Placeres' continued detention; or (2) release Perez Placeres from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before May 22, 2026**, Respondents shall **FILE** notice informing the Court whether Perez Placeres has been released from custody.  If Perez Placeres has not been released from custody, Respondents shall inform the Court whether

---

[1] The relevant facts are undisputed, *see* Resp. 3–4, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Perez Placeres' requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either.  *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at \*3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at \*5 n.1).

and when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Perez Placeres is released from custody, Respondents shall **RETURN** all of her personal property in their custody, without which her liberty interest will be affected, to her upon release.  Such property includes, but is not limited to, identification documents.

**There will be no extensions of the May 22, 2026, deadlines**.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED this 15th day of May, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

4